| | |
|---|---|
| 1 | **WO** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Breceda, individually, | ) | No. CV-08-02035-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Upgrade Concrete & Decking, LLC, an Arizona limited liability corporation; Wyatt Wade Seward, Michelle Sue Seward, | ) | |
| Defendants. | ) | |

This matter arises upon the Court's review of the file which indicates that no activity has occurred therein since the filing on December 3, 2008 of the Returned Executed Summonses upon Defendants Michelle Sue Seward and Wyatt Wade Seward on December 4, 2008. (docket ## 12 and 13) On December 1, 2008, Plaintiff expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c). (docket #10) No defendant has appeared in this action.

The docket reflects that on December 3, 2008, Plaintiff filed Affidavits of Service of the Summons and Complaint upon Wyatt Wade Seward and Michelle Sue Seward on November 13, 2008. (docket ## 12 and 13) The Court's docket does not reflect an Affidavit of Service upon Upgrade Concrete & Decking, LLC. On August 12, 2009, the undersigned ordered Plaintiff to continue the prosecution of his claim. The Court further instructed Plaintiff if the case has settled, to file a Notice of Dismissal and if the case remained active and the time for Defendants to Answer or otherwise plead has

| 1  | expired to file an Application for Entry of Default with the clerk pursuant to Rule 55(a), |
|----|
| 2  | FED.R.CIV.P., and seek a default judgment pursuant to Rule 55(b)(1), Fed.R.Civ.P.  No |
| 3  | objection or response has been filed to the Court's August 12, 2009 order. |
| 4  | Plaintiff was warned if he failed to comply with Rule 55 by **5:00 p.m. on** |
| 5  | **August 26, 2009**, the Court will likely dismiss the Complaint without prejudice for lack |
| 6  | of prosecution pursuant to Rule 41(b), Fed.R.Civ.P.   To date, Plaintiff has failed to |
| 7  | respond or comply with the Court's August 12, 2009 Order.  (docket #14) |
| 8  | Dismissal of a complaint for failure to comply with the procedural rules of |
| 9  | the court is within the court's discretion.  *Original Ballet Russe, Ltd. v. Ballet Theatre,* |
| 10 | *Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943); *Sergio Bautista et al. v. Los Angeles County*, 216 |
| 11 | F.3rd 837 (9th Cir. 2000).  Moreover, district courts have the inherent power to control |
| 12 | their dockets and in the exercise of that power may impose sanctions including, where |
| 13 | appropriate, dismissal of a case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. |
| 14 | 1992).  "In determining whether to dismiss a case for failure to comply with a court |
| 15 | order, district courts must weigh five factors:  (1) the public interest in expeditious |
| 16 | resolution of litigation; (2) the court's need to manage the docket; (3) the risk of prejudice |
| 17 | to the defendant; (4) the public policy favoring disposition of cases on their merits; and |
| 18 | (5) the availability of less drastic alternatives." *Id*. at 1260-61. |
| 19 | After considering and weighing all five factors to determine if dismissal is |
| 20 | appropriate for Plaintiff's failure to comply with Rule 41(b), Fed.R.Civ.P. and the Court's |
| 21 | August 12, 2009 Order, the Court concludes dismissal without prejudice of the Plaintiff's |
| 22 | Complaint is appropriate and just under the circumstances of this case. |
| 23 | |
| 24 | |
| 25 | |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without prejudice.

Dated this 28th day of August, 2009.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge